UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LMK ENTERPRISES, LLC § <br> DBA WACO MOTOR SPORTS § <br>    Plaintiff, § <br> § <br> vs. § <br> § <br> SENTRY SELECT § <br> INSURANCE COMPANY § <br>    Defendant. § | CIVIL ACTION NO. 6:17-cv-225 |

## NOTICE OF REMOVAL

Defendant, Sentry Select Insurance Company ("Sentry"), files this Notice of the Removal of this case from the 414th Judicial District Court of McLennan County, Texas, to the United States District Court for the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1441 and 1446(b), and would show the Court as follows:

1.

Sentry is the Defendant in Cause No. 2017-2243-5, entitled "LMK Enterprises, LLC dba Waco Motor Sports v. Sentry Select Insurance Company", currently pending in the 414th Judicial District Court of McLennan County, Texas. That lawsuit was originally filed on July 14, 2017 in the 414th Judicial District Court of McLennan County, Texas.

2.

On July 31, 2017, Sentry first learned of Plaintiff's lawsuit, when a copy of Plaintiff's lawsuit and citation were formally served by certified mail, return receipt requested on July 31, 2017 on Sentry's registered agent for service of process, CT Corporation. Sentry is filing this notice timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days from when the lawsuit was served

**NOTICE OF REMOVAL - Page 1**

on Sentry.

3.

At the date of commencement of this action and at all pertinent times, Plaintiff is a citizen of the State of Texas, being a limited liability corporation formed under the laws of the State of Texas, whose members, Brian Schroeder and Lester Morris Kizer, are citizens of the State of Texas, being residents of and domiciled in the State of Texas.  At all times relevant herein, Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin.

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Sentry, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.  That the necessary amount in controversy is met is illustrated by Paragraph 28 of Plaintiff's Original Petition, where Plaintiff states it seeks monetary relief against Sentry in an amount over $200,000, but not more than $1,000,000.

5.

Copies of all the pleadings which have been filed in this action to date, and which are attached as Exhibit "A", include the following:

    a.      Plaintiff's Original Petition; and

    b.      Citation served on Sentry.

To the best of Sentry's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.

Wherefore, Defendant, Sentry Insurance A Mutual Company, prays that this action be removed to this Court from the 414th Judicial District Court of McLennan County, Texas, and for further proceedings as may be necessary.

                Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon the following, as indicated below, on this the 20th day of August, 2017:

Mr. Scott G. Hunziker                      VIA E-MAIL: scott@vosslawfirm.com
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380

                /S/Russell J. Bowman
                Russell J. Bowman

# EXHIBIT A

FILED
MCLENNAN COUNTY
7/14/2017 4:54 PM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Crim

CAUSE NO. 2017-2243-5

| | | |
|---|---|---|
| LMK ENTERPRISES, LLC | § | IN THE DISTRICT COURT |
| DBA WACO MOTOR SPORTS, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| SENTRY SELECT | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | 414TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LMK Enterprises, LLC DBA Waco Motor Sports (hereinafter "Plaintiff"), and complains of Sentry Select Insurance Company (hereinafter "Sentry"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Waco, in McLennan County, Texas.

## PARTIES

3. Plaintiff is an company whose commercial property is located in Waco, McLennan County, Texas.

4. Sentry may be served with Citation and a copy of this Petition, by serving it through its Registered Agent, CT Corporation System. at its principal address 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

## BACKGROUND

5. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 5100 Franklin Ave., Set A, Waco, Texas 76710, (the "Property"). In addition to seeking economic and penalty based damages from Sentry, Plaintiff also seeks compensation from Sentry for damages caused by improperly investigating the extensive losses associated with this case.

6. Plaintiff owns the Property.

7. Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Sentry to cover the Property at issue in this case for a loss due to fire-related event. Plaintiff's Property suffered fire related damage. Through his commercial policy, 25-64269-01, Plaintiff was objectively insured for the subject loss by Defendant.

8. On or around August 17, 2016, the Property suffered incredible damage due to fire.

9. In the aftermath, Plaintiff relied on Sentry to help begin the rebuilding process. By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10. Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period in question.

11. Despite Plaintiff's efforts, Sentry continually failed and refused to pay Plaintiff in accordance with its promises under the Policy. Moreover, Sentry has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

## CONDITIONS PRECEDENT

12. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

13. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

14. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

15. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

16. According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

17. As a result of the fire-related event, Plaintiff suffered extreme external and internal damages.

18. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## B.
## VIOLATIONS OF TEXAS INSURANCE CODE

19. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

20. Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Section 542.051, known as the "Prompt Payment of Claims". As such, this cause of action incorporates all remaining applicable sections of applicable aspects of Section 542 of the Texas Insurance Code, including Section 542.060 and 542.061. Specifically, Defendant engaged in the following conduct that delayed full payment of settlement proceeds to the Plaintiff.

    a. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    b.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    c.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

21. As a result of Defendant's conduct referenced above, Plaintiff has been forced to retain the legal services of the undersigned attorney to protect and pursue these claims on his behalf. Accordingly, in addition to other remedies allowed due to Plaintiff's claims for breach of contract and violations of the duty of good faith and fair dealing, Plaintiff would also be seeking all damages available under Section 542 of the Texas Insurance Code.

### C.
### BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

22. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

23. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

24. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should

have known that it was reasonably clear that Plaintiff's fire-related claims were covered. These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

## WAIVER AND ESTOPPEL

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

27. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

28. More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000. This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## JURY DEMAND

29. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

30.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Sentry disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within fifty (50) days of this request.

## REQUEST FOR PRODUCTION

31.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

    a.  Please produce Sentry complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

    b.  Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

    c.  Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

    d.  Please produce the electronic diary, including the electronic and paper notes made by Sentry claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

    e.  Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

    f.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

    g.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

    h.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Sentry intends to offer these items into evidence at trial.

## INTERROGATORIES

32. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

    a. Please identify any person Sentry expects to call to testify at the time of trial.

    b. Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

    c. If Sentry or Sentry's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Sentry or any of Sentry's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    d. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Sentry's investigation.

    e. Please state the following concerning notice of claims and timing of payment:

        i. The date and manner in which Sentry received notice of the claim;
        ii. The date and manner in which Sentry acknowledged receipt of the claim;
        iii. The date and manner in which Sentry commenced investigation of the claim;
        iv. The date and manner in which Sentry requested from the claimant all items, statements, and forms that Sentry reasonably believed, at the time, would be required from the claimant; and
        v. The date and manner in which Sentry notified the claimant in writing of the acceptance or rejection of the claim.

f.   Please identify by date, amount and reason, the insurance proceed payments made by Sentry, or on Sentry's behalf, to the Plaintiff.

g.   Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.   When was the date Sentry anticipated litigation?

i.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Sentry's document retention policy.

j.   Does Sentry contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.   Does Sentry contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.   Does Sentry contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m.   How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

   i.   what performance measures are used; and
   ii.  describe Sentry's bonus or incentive plan for adjusters.

## CONCLUSION

33.   Plaintiff prays that judgment be entered against Sentry Select Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney

fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Sentry Select Insurance Company, and for all such other relief to which Plaintiff may be justly entitled. Respectfully submitted,

THE VOSS LAW FIRM, P.C.

*/s/ Scott G. Hunziker*
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
scott@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

# CITATION

PAPER# 1
ATTY/MAIL

**THE STATE OF TEXAS**

Cause No: **2017-2243-5**

TO: SENTRY SELECT INSURANCE COMPANY, DEFENDANT - BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**LMK ENTERPRISES, LLC DBA WACO MOTOR SPORTS**                                Plaintiff

VS.

**SENTRY SELECT INSURANCE COMPANY**                                Defendant

Court: **414TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **JULY 14, 2017**
Discovery Requests: **REQUEST FOR DISCLOSURE, PRODUCTION, AND INTERROGATORIES**
Cause No: **2017-2243-5**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you.*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **JULY 17, 2017.**

SCOTT G. HUNZIKER
26619 INTERSTATE 45 SOUTH
THE WOODLANDS, TEXAS 77380
Attorney for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701
By: _____ Deputy
ASHLEY SNYDER

## RETURN OF SERVICE

Style: **LMK ENTERPRISES, LLC DBA WACO MOTOR SPORTS VS. SENTRY SELECT INSURANCE COMPANY**
Cause No.: **2017-2243-5**
Court: **414TH JUDICIAL DISTRICT**
Paper#: **1**
Instrument(s) Served: Pleading, **PLAINTIFF'S ORIGINAL PETITION**, and Discovery, **REQUEST FOR DISCLOSURE, PRODUCTION, AND INTERROGATORIES**

Came to hand on the 20th day of July, 2017 at 4:00 o'clock P M. and executed on the _____ day of _____, 20____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____ o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading and discovery attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy                    _____

Total $_____                    _____ County, Texas

**NO SHERIFF OR CONSTABLE**          By _____
**FEES COLLECTED**

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"